UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PGA EUROPEAN TOUR,

    Movant,

    v.

LIV GOLF, INC.

    Respondent.

_____

Case No. 3:22-mc-00016-TJC-LLL

**NON-PARTY PGA EUROPEAN TOUR'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH AND <u>INCORPORATED MEMORANDUM OF LAW</u>**

Pursuant to Local Rule 3.01(d), Non-Party Movant PGA European Tour ("European Tour") moves the Court for leave to file, within seven days of granting this Motion for Leave, a reply brief not to exceed 10 pages in support of European Tour's Motion to Quash LIV's Rule 45 Subpoena (D.E. 1), and states as follows:

1. On November 29, 2022, LIV filed its Opposition to European Tour's Motion to Quash LIV's Rule 45 Subpoena (D.E. 11), in which LIV asserts numerous mischaracterizations of fact and misapplications of law. LIV has made numerous unfounded and inflammatory allegations against European Tour. Although non-party European Tour is not required to answer such baseless allegations in the context of a Motion to Quash, it does need to respond briefly to certain of LIV's misstatements in the context of European Tour's legal challenges to the facially invalid and defective Subpoena. These include the following.

2. First, LIV has misstated the extent of European Tour's contacts with Florida and the United States and, in many cases, mischaracterized those contacts. For example, LIV states that European Tour has "co-sanctioned with the PGAT, the Barracuda and Barbasol Championships" (Opp. at 1-2, 8-9) in arguing that European Tour conducts "extensive" business in the U.S. (*Id.* at 2), but does not explain what "co-sanctioning" means or its very limited scope. The facts make clear that European Tour's domain of operations is in Europe and the Middle East – not the United States. European Tour should have the opportunity to briefly rebut LIV's false and misleading allegations regarding the actual and limited scope of its contacts.

3. Second, LIV invokes an incorrect standard to the Rule 45 analysis by

1

asserting that European Tour must prove that it would experience an unreasonable burden in complying with LIV's subpoena. (Opp. at 11). Burden is not a consideration in a Motion to Quash based on Rule 45(d)(3)(A)(ii), which states that the Court "must quash" a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." This is a bright-line rule based on geographical limits, not a matter of weighing the burden on the non-party.

4. LIV also misstates the law on Rule 45(c)'s geographic limitations, citing out-of-circuit and non-binding authority to incorrectly assert that LIV can avoid the letter and spirit of Rule 45 by compelling a virtual deposition. This assertion is legally incorrect and would render Rule 45(c) meaningless. No authority that LIV cites supports the proposition that LIV may compel a non-party deponent to testify from a remote location more than 4,000 miles away (England) from the place of compliance (Jacksonville).

5. Third, LIV incorrectly states that the proper forum against which to measure non-party European Tour's contacts in a personal jurisdiction analysis is the United States as a whole, improperly relying on *S.E.C. v. Carrillo*, 115 F.3d 1540 (11th Cir. 1997), and *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 947 (11th Cir. 1997), which considered the nationwide contacts of *defendants*, not non-parties. LIV provides no binding authority that the same standard applies to non-parties, and European Tour has found none. In any event, European Tour does not meet the standard for personal jurisdiction based on contacts with the U.S. and seeks to introduce facts to so demonstrate.

6. Finally, LIV wrongly and misleadingly asserts that the Hague Convention mechanism for obtaining discovery would be too slow, conveniently omitting the fact that the Northern District of California court granted LIV's Motion for Issuance of Letters Rogatory (*see Jones, et al. v. PGA TOUR, Inc.* No. 22-CV-04486-BLF-SVK (N.D. Cal.), ECF No. 161), and has requested that the judicial authority of the United Kingdom have the examinations of both European Tour's corporate representative and of CEO Keith Pelley take place in February 2023 (*Id.* at ECF 163 at 4, and ECF 164 at 4), before the close of fact discovery in March 2023.

## Memorandum of Law

Granting leave to file a reply brief is appropriate where the opposing party has misstated facts, misapplied the law to the facts, or where the opposing party's brief has raised new arguments or additional issues not addressed in the original motion. *Ottaviano v. Nautilus Ins. Co.,* No. 8:08-cv-2204, 2009 WL 425976, at *1 (M.D. Fla. Feb. 19, 2009); *see also Montgomery Bank, N.A. v. Alico Rd. Bus. Park, LP,* No. 2:13-CV-802-FTM-29CM, 2014 WL 3828406, at *3 (M.D. Fla. Aug. 4, 2014). As shown above, good cause exists to grant this Motion because the proposed reply brief will allow European Tour to briefly address and correct mischaracterizations of fact and misstatements/misapplications of law made in LIV's Opposition. The proposed reply will therefore benefit the Court's resolution of the pending motion.

## Conclusion

For the foregoing reasons, European Tour respectfully requests that its Motion be granted.

3

## Certificate of Compliance with Local Rule 3.01(g)

Pursuant to Local Rule 3.01(g), counsel for non-party European Tour certify that they have conferred with LIV's counsel via email prior to filing this Motion for Leave, and counsel advised that LIV takes no position but believes that the reply, if allowed, should be limited to seven pages.

Date: December 1, 2022         **MCGUIREWOODS LLP**

By: _/s/ Kimberly T. Mydocok_
R. Eric Bilik (FL Bar No. 0987840)
ebilik@mcguirewoods.com
Kimberly T. Mydock (FL Bar No. 0100571)
kmydock@mcguirewoods.com
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
Tel: (904) 798-3200
Fax: (904) 798-3207

and

William P. Keane
wkeane@fbm.com
Janice W. Reicher
jreicher@fbm.com
Daniel A. Contreras
dcontreras@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th FL
San Francisco, California, 94104
Tel: (804) 775-4400

*Attorneys for Movant PGA European Tour*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and served the foregoing via e-mail on the following:

Rachel S. Brass, Esq.
rbrass@gibsondunn.com
Lauren D. Dansey, Esq.
ldansey@gibsondunn.com
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Joshua Lipton, Esq.
jlipton@gibsondunn.com
Kristen C. Limarzi, Esq.
klimarzi@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500

Robert C. Walters, Esq.
rwalters@gibsondunn.com
Scott K. Hvidt, Esq.
shvidt@gibsondunn.com
Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

John B. Quinn, Esq.
johnquinn@quinnemanuel.com
Dominic Surprenant, Esq.
dominicsurprenant@quinnemanuel.com
Kevin Teruya, Esq.
kevinteruya@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

Robert P. Feldman, Esq.
bobfeldman@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: 650.801.5000
Facsimile: 650.801.5100

*Attorneys for Respondent LIV Golf, Inc. and for
Matt Jones, Bryson DeChambeau, and Peter Uihlein*

| | |
|---|---|
| John W. Keker, Esq. | Anthony J. Dreyer, Esq. |
| jwk@kvn.com | anthony.dreyer@skadden.com |
| Brook Dooley, Esq. | Karen H. Lent, Esq. |
| bdooley@keker.com | karen.lent@skadden.com |
| Nicholas S. Goldberg, Esq. | Matthew M. Martino, Esq. |
| ngoldberg@keker.com | matthew.martino@skadden.com |
| Thomas E. Gorman, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP |
| tgorman@keker.com | One Manhattan West |
| Sophie A. Hood, Esq. | New York, NY 10001 |
| shood@keker.com | |
| Leo L. Lam, Esq. | Patrick J. Fitzgerald, Esq. |
| llam@keker.com | patrick.fitzgerald@skadden.com |
| Robert A. Lauridsen, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP |
| alauridsen@keker.com | 155 N. Wacker Drive, Suite 2700 |
| Eric H. MacMichael, Esq. | Chicago, IL 60606 |
| emacmichael@keker.com | |
| Nicholas D. Marais, Esq. | |
| nmarais@keker.com | |
| Elliot R. Peters, Esq. | |
| epeters@keker.com | |
| David J. Silbert, Esq. | |
| dsilbert@keker.com | |
| Kathleen Corey, Esq. | |
| KCorey@keker.com | |
| Keker, Van Nest & Peters LLP | |
| 633 Battery Street | |
| San Francisco, CA 94111-1809 | |

*Attorneys for PGA Tour, Inc.*

/s/ *Kimberly T. Mydock*
Attorney

6