UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PGA EUROPEAN TOUR,

    Movant,

    v.

LIV GOLF, INC.,

    Respondent.

_____

Case No. 3:22-mc-00016-TJC-LLL

**NON-PARTY EUROPEAN TOUR'S SUPPLEMENTAL BRIEF**

I.     **INTRODUCTION**

Per the Court's request during the January 5, 2023 hearing on non-party PGA European Tour's ("European Tour") motion to quash LIV Golf Inc.'s ("LIV") Rule 45 subpoena, European Tour respectfully submits this supplemental brief. As requested, this brief comments upon the Eleventh Circuit Court of Appeals' unpublished decision in *Courboin v. Scott*, 596 F. App'x 729 (11th Cir. 2014). That decision found, with regard to claims brought under the Sherman Antitrust Act, that the proper forum by which to measure minimum contacts in determining personal jurisdiction was the state of Florida, not the entire United States. *Id.* at 734. This bolsters European Tour's position that, in this case alleging claims under the Sherman Act, the proper forum against which to measure minimum contacts is the state of Florida.

Further, European Tour has found no Eleventh Circuit caselaw contradicting the *Courboin* decision or otherwise indicating that the Court should measure the aggregate nationwide contacts of a foreign non-party for purposes of quashing a Rule 45 subpoena. Accordingly, under the law of this Circuit the Court should look only to European Tour's contacts with Florida in determining whether personal jurisdiction exists. Nonetheless, whether the Court measures minimum contacts based on European Tour's Florida or nationwide contacts, the result is the same: there are insufficient contacts to confer personal jurisdiction.

## II. DISCUSSION

### A. The *Courboin v. Scott* Decision Supports European Tour's Position That the Proper Forum Against Which to Measure Minimum Contacts is the State of Florida.

As previously briefed by European Tour (*see* Dkt. No. 15 at 7), the Eleventh Circuit in *S.E.C. v. Carrillo*, 115 F.3d 1540 (11th Cir. 1997), held that the relevant forum was the United States for "purposes of minimum contacts analysis in a nondiversity action involving an alien defendant" where the court's personal jurisdiction was based on a federal statute authorizing nationwide or worldwide service of process. *Id.* at 1542–44.[1] In citing *Carrillo* to argue that a nationwide minimum contacts analysis is appropriate, LIV underscores that "Plaintiffs bring claims under the Sherman Act, 15 U.S.C. §§ 1, 2." *See* Dkt. No. 11 at 20.

However, *Courboin v. Scott* undermines LIV's argument that the entire United States is the applicable forum for the personal jurisdiction minimum contacts analysis in an antitrust action brought under the Sherman Act. *Courboin* is a *per curiam* decision regarding plaintiff's *pro se* appeal of the dismissal of his complaint. His complaint, which arose out of his divorce proceedings, alleged that the attorney defendants deprived him of roughly $200,000 from his pre-divorce marital assets by, *inter alia*, overcharging his ex-wife for what should have been routine asset appraisals. *Courboin*, 596 F. App'x at 730–31. Based on those allegations, Courboin asserted that the defendants violated the Sherman Antitrust Act and the Racketeer Influenced and

---

[1] *Carrillo* only addressed parties, not non-parties, as explained in European Tour's briefing. *See* Dkt. No. 15 at 7.

3

Corrupt Organizations Act. *Id*. Upon the defendants' motions, the District Court dismissed the complaint after finding that it lacked personal jurisdiction over all defendants because Courboin did not allege facts sufficient to show the defendants had minimum contacts with Florida. *Id*. at 731. Courboin appealed.

Reviewing the lower court's decision *de novo*, the Eleventh Circuit stated that "[b]ecause the Sherman Act does not contain a nationwide service-of-process provision, we look to the long-arm statute of Florida to determine whether it authorizes exercising jurisdiction over defendants." *Id*. at 734 (citing *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 847–48 (11th Cir.1988) and Fed. R. Civ. P. 4(e)). Consequently, the court looked to the defendants' contacts with Florida and, finding those contacts were insufficient to support a finding of jurisdiction, affirmed the dismissal of Courboin's Sherman Act claims. *Courboin,* 596 F. App'x at 734–35.

Here, to the extent LIV relies on its underlying Sherman Act claims to argue that nationwide contacts are relevant to the personal jurisdiction analysis, that is contrary to the law. The Eleventh Circuit was correct in *Courboin* that the Sherman Act does not contain a provision permitting nationwide service of process. *See* 15 U.S.C. §§ 1, 2 (containing no mention of nationwide service of process). Thus, *Carrillo* should not be stretched to support application of a nationwide forum for minimum contacts for claims brought under the Sherman Act. Here, the proper forum for the minimum contacts analysis is the state of Florida.

Furthermore, for the reasons stated in European Tour's Reply (Dkt. No. 15 at 5-8), Rule 45's service provision (*i.e.*, "A subpoena may be served at any place within

the United States") also provides no assistance to LIV. Again, there exists no decision in this Circuit holding that the proper forum for analyzing personal jurisdiction over a foreign non-party in the Rule 45 subpoena context is the entire United States. (*See* Dkt. No. 15 at 7). LIV so concedes. (Dkt. No. 20 at 9 ("LIV is not aware of an Eleventh Circuit decision addressing the question in the specific context of a Rule 45 subpoena.")). What does exist, however, is persuasive authority within the Eleventh Circuit that personal jurisdiction with regard to Sherman Act claims should be evaluated using Florida, not nationwide contacts. *See Courboin*, 596 F. App'x at 734.

   B.   **There is No Eleventh Circuit Caselaw Applying the Clayton Act's Nationwide Service of Process Provision to a Case Brought Solely Under the Sherman Act.**

Notwithstanding the fact that at no point in its 35 pages of briefing does LIV mention the Clayton Act, European Tour anticipates that LIV might now assert that 15 U.S.C. § 22 provides the jurisdictional hook it needs to argue that the proper forum against which to measure European Tour's minimum contacts is the nation as a whole. However, the undersigned has found no Eleventh Circuit caselaw applying the Clayton Act's nationwide service of process provision to a case brought solely under the Sherman Act.

For the reasons stated above, the Eleventh Circuit's decision in *Courboin v. Scott* counsels that a court analyzing personal jurisdiction in a case brought solely under the Sherman Act should measure minimum contacts against the forum state, not aggregate nationwide contacts. European Tour stands on the arguments made above and in its prior briefing.

5

## III. CONCLUSION

For the foregoing reasons, notwithstanding the fact that neither European Tour's contacts with Florida or with the United States as a whole is sufficient to confer personal jurisdiction, European Tour respectfully requests that the Court apply Florida as the forum for evaluating personal jurisdiction.

Date: January 13, 2023

MCGUIREWOODS LLP

By: /s/ *Kimberly T. Mydock*
R. Eric Bilik (FL Bar No. 0987840)
ebilik@mcguirewoods.com
Kimberly T. Mydock (FL Bar No. 0100571)
kmydock@mcguirewoods.com
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
Tel: (904) 798-3200
Fax: (904) 798-3207

and

William P. Keane
*(Specially Admitted)*
wkeane@fbm.com
Janice W. Reicher
*(Specially Admitted)*
jreicher@fbm.com
Daniel A. Contreras
*(Specially Admitted)*
dcontreras@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th FL
San Francisco, California, 94104
Tel: (415) 954-4400

*Attorneys for Movant PGA European Tour*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on January 13, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and served the foregoing via e-mail on the following:

Rachel S. Brass, Esq.
rbrass@gibsondunn.com
Lauren D. Dansey, Esq.
ldansey@gibsondunn.com
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Joshua Lipton, Esq.
jlipton@gibsondunn.com
Kristen C. Limarzi, Esq.
klimarzi@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500

Robert C. Walters, Esq.
rwalters@gibsondunn.com
Scott K. Hvidt, Esq.
shvidt@gibsondunn.com
Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

John B. Quinn, Esq.
johnquinn@quinnemanuel.com
Dominic Surprenant, Esq.
dominicsurprenant@quinnemanuel.com
Kevin Teruya, Esq.
kevinteruya@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017 Telephone:
Telephone: 213.443.3000

Robert P. Feldman, Esq.
bobfeldman@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: 650.801.5000
Facsimile: 650.801.5100

*Attorneys for Respondent LIV Golf, Inc. and for*
*Matt Jones, Bryson DeChambeau, and Peter Uihlein*

| | |
|---|---|
| John W. Keker, Esq. | Anthony J. Dreyer, Esq. |
| jwk@kvn.com | anthony.dreyer@skadden.com |
| Brook Dooley, Esq. | Karen H. Lent, Esq. |
| bdooley@keker.com | karen.lent@skadden.com |
| Nicholas S. Goldberg, Esq. | Matthew M. Martino, Esq. |
| ngoldberg@keker.com | matthew.martino@skadden.com |
| Thomas E. Gorman, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP |
| tgorman@keker.com | One Manhattan West |
| Sophie A. Hood, Esq. | New York, NY 10001 |
| shood@keker.com | |
| Leo L. Lam, Esq. | Patrick J. Fitzgerald, Esq. |
| llam@keker.com | patrick.fitzgerald@skadden.com |
| Robert A. Lauridsen, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP |
| alauridsen@keker.com | 155 N. Wacker Drive, Suite 2700 |
| Eric H. MacMichael, Esq. | Chicago, IL 60606 |
| emacmichael@keker.com | |
| Nicholas D. Marais, Esq. | |
| nmarais@keker.com | |
| Elliot R. Peters, Esq. | |
| epeters@keker.com | |
| David J. Silbert, Esq. | |
| dsilbert@keker.com | |
| Kathleen Corey, Esq. | |
| KCorey@keker.com | |
| Keker, Van Nest & Peters LLP | |
| 633 Battery Street | |
| San Francisco, CA 94111-1809 | |

*Attorneys for PGA Tour, Inc.*

/s/ *Kimberly T. Mydock*
Attorney

8