UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PGA EUROPEAN TOUR,

    Movant,

    v.

LIV GOLF, INC.,

    Respondent.

_____

Case No. 3:22-mc-00016-TJC-LLL

**NON-PARTY PGA EUROPEAN TOUR'S OPPOSITION TO
LIV GOLF'S SUPPLEMENTAL RESPONSE TO
THE SUPPLEMENTAL DECLARATION OF KEITH WATERS**

Despite the fact that the Supplemental Declaration of Keith Waters provides the focused supplemental information the Court requested at the recent hearing regarding PGA European Tour ("European Tour") executives' travel to the Jacksonville area in the last five years, LIV GOLF, Inc. ("LIV") in its latest brief seeks to impose a post-hearing, non-existent and ever-shifting burden on European Tour. Unable to rebut the uncontroverted evidence that European Tour does not regularly transact business in the Jacksonville area, LIV instead seeks to move the Rule 45 goal post yet again to contend European Tour must provide endless additional details and information that are neither necessary to the Court's inquiry nor requested by the Court. Tellingly, LIV offers no legal support for this newly concocted endless "burden." Nor has LIV provided legal authority to this Court supporting a finding that eight visits by executives during the past two years and 11 visits during the past five years is "regularly conducting business in person" sufficient to enforce a subpoena against a non-party foreign entity located 4,000 miles away from the subpoena's express place of compliance.

At the hearing on the Motion to Quash on January 5, 2023, the Court requested European Tour to file a supplemental declaration clarifying the timing and general purpose of the visits by European Tour executives within 100 miles of the subpoena's place of compliance. The Court stated: "So it would be helpful for the Court to know what those dates – what those visits were and what the dates of them were." *See* Jan. 5, 2023 Hrg. Tr. at 84:04–06. LIV has acknowledged that this is what the Court requested of the European Tour. *See, e.g.,* ECF No. 31 at 2 ("[T]he Court requested a

1

declaration from [European Tour] providing more information about business trips that its executives made to northern Florida during the last five years.").

The Waters supplemental declaration expressly states that it is based on a review of "reasonably available travel records" and provides approximate ("on or about") travel dates that European Tour executives were in or within 100 miles of Jacksonville. *See* ECF No. 30-1 ¶¶ 2–3. It also provides, as the Court requested, the purpose of the trips. *See, e.g.*, *id.* ¶ 3 ("Players Championship Tournament, meetings with PGAT on various subjects, including topics related to the strategic alliance"). The supplemental declaration is transparent, and, despite LIV's suggestions to the contrary, is fully consistent with Mr. Waters' earlier declarations and offers no surprises: eight visits by executives to the Jacksonville area during 2021 and 2022 that included meetings with PGA TOUR, Inc., at which time, among other subjects, the strategic alliance was discussed.[1]

LIV's after-the-fact attempts to rewrite the hearing transcript to expand the scope of the Court's actual request for supplemental information at the hearing should be rejected. During a nearly 2.5 hour hearing, the Court allowed counsel for both parties more than ample time to raise any issues. LIV's counsel did not then seek to expand or clarify the scope of the Court's request and certainly should not be allowed to do so now. European Tour provided what its counsel reasonably believed the Court

---

[1] At the January 5 hearing, LIV's counsel estimated from their discovery review in the underlying case that there were eight visits that included strategic alliance discussions. *See* Jan. 5, 2023 Hrg. Tr. 37:16-21. So LIV's feigned surprise in their latest response regarding the number of such visits misses the mark.

2

to be requesting within the relatively short turnaround time: additional temporal details on the 11 visits indicating where they fell in the last five years. By providing approximate start dates for the visits, European Tour has addressed the Court's request. The Court did not ask for detailed agendas and schedules for every visit nor has LIV provided any authority dictating such details are necessary for European Tour to meet its burden.

In its efforts to impose an imaginary burden upon European Tour well beyond what the Court requested, LIV grossly distorts the information regarding the dates of various visits in the supplemental declaration. LIV apparently seeks to create the implication that the declaration omitted certain visits. Nothing could be further from the truth. LIV purports to do so primarily by referencing, but not filing, yet more purported "evidence" from the confidential discovery in the underlying case. *See generally* ECF No. 35.[2] While doing so, LIV offers up an obviously unreasonable and narrow interpretation of the declaration's visit information as indicating that the dates listed were one-day meetings. *See id*. at 4 ("[T]he Waters Declaration lists only single-date visits . . . .").

---

[2] While the four days European Tour has to respond to LIV's latest filings are not enough time for European Tour to gain access to all of these P.O.-protected documents, analyze them, and respond to them is notable, such additional "evidence" even as LIV suggests does not alter the accuracy of the approximate dates of travel provided in the supplemental declaration. *See, e.g.,* ECF No. 35 at 2, 4.

3

In its final, frankly desperate, attempt to cast doubts on the accuracy of the Waters supplemental declaration, LIV repeats its baseless claim from its motion to file supplemental briefing that European Tour's CEO visited Ponte Vedra in February 2020. *See* ECF No. 35 at 4; ECF No. 31 ¶ 3. This claim calls to mind LIV's earlier failed attempt to create a fictional Florida visit by European Tour's CEO this past December on a speculative interpretation of so-called "evidence." At the hearing on January 5, the Court asked directly and accepted counsel's representation that no such December visit took place. *See* Jan. 5, 2023 Hrg. Tr. 10:13–11:7. Although, again, it should not have to, European Tour reiterates the accuracy of the Waters supplemental declaration. No such February 2020 trip to the Jacksonville area took place.

The law does not support LIV's assertion that eight visits in two years or 11 visits in five years is "regularly conducting business in person" and legally sufficient to compel a foreign non-party entity from 4,000 miles away to comply with a subpoena in Jacksonville as expressly requested. LIV has not cited a single case standing for the proposition that such limited visits satisfy Rule 45(c).[3] That is because the case law on this issue cuts *against* LIV's position. Courts have held that eight visits over a two-year period, or approximately quarterly visits, is not enough to constitute "regularly transacting business in person." *See e.g., In Perez v. Progenics Pharm., Inc.,* No. 10-cv-08278 (LAP), 2015 WL 4111551 (S.D.N.Y. June 24, 2015) (quarterly board meetings

---

[3] In yet another speculative attempt to suggest that European Tour's visits to the place of compliance were more numerous than they are, LIV suggests that there would have been more visits but for COVID travel restrictions. That argument is pure speculation and should be rejected as such. *See* ECF No. 35 at 1.

in person not sufficient); *Jones v. Jasper Wyman & Son*, No. 1:20-CV-00383-JAW, 2022 WL 16820442, at *4 (D. Me. Nov. 8, 2022) (eight board meetings per year not sufficient). The only case LIV cited in all of its briefing that even comes close to the number of visits here is *Halliburton Energy Servs v. M-I, LLC*, which involved an average of four visits a year over a *ten-year* period. 2006 WL 2663948, *2 (S.D. Tex. Sep. 15, 2006). That is a course of conduct far more "regular" than the approximate average of two visits per year over five years at issue here. *See* ECF No. 30-1. The only other case that LIV cited that involves a wholly out-of-state entity is *Sullivan v. PJ United, Inc.*, which involved 184 visits per year. 2017 WL 11675693, *4 (N.D. Ala. Dec. 15, 2017). Needless to say, European Tour's limited visits to Florida are a mere fraction of and a far cry from the number of visits in either of those cases.

    LIV's Second Supplemental Brief is notable for its post-hearing failed attempts to undermine the supplemental Waters declaration responsive to the Court's request, including wishful thinking based on fictional and speculative assertions of "facts," and a continuing absence of legal support that this limited number of visits somehow complies with Rule 45. Despite having yet another bite at the proverbial apple, LIV has not demonstrated that its subpoena was proper or that European Tour can be required to respond to a subpoena with an express place of compliance over 4,000 miles from its corporate headquarters. Now with a second supplemental round of briefing completed, European Tour respectfully submits that applicable law and the additional information in the supplemental Waters declaration requested by the Court further supports granting of this non-party's motion to quash.

5

Dated: January 27, 2023        M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP

By:   <u>/s/ *Kimberly T. Mydock*</u>
    R. Eric Bilik (FL Bar No. 0987840)
    ebilik@mcguirewoods.com
    Kimberly T. Mydock (FL Bar No. 0100571)
    kmydock@mcguirewoods.com
    50 N. Laura Street, Suite 3300
    Jacksonville, Florida 32202
    Tel: (904) 798-3200
    Fax: (904) 798-3207

and

William P. Keane
*(Specially Admitted)*
wkeane@fbm.com
Janice W. Reicher
*(Specially Admitted)*
jreicher@fbm.com
Daniel A. Contreras
*(Specially Admitted)*
dcontreras@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th FL
San Francisco, California, 94104
Tel: (415) 954-4400

*Attorneys for Movant PGA European Tour*

6

## **CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on January 27, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and served the foregoing via e-mail on the following:

Rachel S. Brass, Esq.
rbrass@gibsondunn.com
Lauren D. Dansey, Esq.
ldansey@gibsondunn.com
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Joshua Lipton, Esq.
jlipton@gibsondunn.com
Kristen C. Limarzi, Esq.
klimarzi@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500

Robert C. Walters, Esq.
rwalters@gibsondunn.com
Scott K. Hvidt, Esq.
shvidt@gibsondunn.com
Philip J. Axt, Esq.
paxt@gibsondunn.com
Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

John B. Quinn, Esq.
johnquinn@quinnemanuel.com
Dominic Surprenant, Esq.
dominicsurprenant@quinnemanuel.com
Kevin Teruya, Esq.
kevinteruya@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017 Telephone:
Telephone: 213.443.3000

Robert P. Feldman, Esq.
bobfeldman@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: 650.801.5000
Facsimile: 650.801.5100

*Attorneys for Respondent LIV Golf, Inc. and for*
*Matt Jones, Bryson DeChambeau, and Peter Uihlein*

| | |
|---|---|
| John W. Keker, Esq. | Anthony J. Dreyer, Esq. |
| jwk@kvn.com | anthony.dreyer@skadden.com |
| Brook Dooley, Esq. | Karen H. Lent, Esq. |
| bdooley@keker.com | karen.lent@skadden.com |
| Nicholas S. Goldberg, Esq. | Matthew M. Martino, Esq. |
| ngoldberg@keker.com | matthew.martino@skadden.com |
| Thomas E. Gorman, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP |
| tgorman@keker.com | One Manhattan West |
| Sophie A. Hood, Esq. | New York, NY 10001 |
| shood@keker.com | |
| Leo L. Lam, Esq. | Patrick J. Fitzgerald, Esq. |
| llam@keker.com | patrick.fitzgerald@skadden.com |
| Robert A. Lauridsen, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP |
| alauridsen@keker.com | 155 N. Wacker Drive, Suite 2700 |
| Eric H. MacMichael, Esq. | Chicago, IL 60606 |
| emacmichael@keker.com | |
| Nicholas D. Marais, Esq. | Michael E. Lockamy, Esq. |
| nmarais@keker.com | mel@bedellfirm.com |
| Elliot R. Peters, Esq. | Bedell, Dittmar, DeVault, Pillans & Coxe, P.A. |
| epeters@keker.com | |
| David J. Silbert, Esq. | The Bedell Building |
| dsilbert@keker.com | 101 East Adams Street |
| Kathleen Corey, Esq. | Jacksonville, Florida 32202 |
| KCorey@keker.com | Telephone: 904.353.0211 |
| Keker, Van Nest & Peters LLP | Facsimile: 904.353.9307 |
| 633 Battery Street | |
| San Francisco, CA 94111-1809 | |

*Attorneys for PGA Tour, Inc.*


/s/ *Kimberly T. Mydock*
Attorney